IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WILLIE MORA,

            Plaintiff,

vs.

DAVID J. SHULKIN, M.D., Secretary of
Veterans Affairs;

            Defendant.

8:17CV282

ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint. (Filing No. 30.) For the reasons explained below, the motion will be denied.

## BACKGROUND

On August 1, 2017, Plaintiff filed this "action for damages and injunctive relief" against David J. Shulkin, M.D., Secretary of Veteran Affairs ("Defendant"), alleging that Defendant discriminated against her based upon her sex in violation of Title VII of the Civil Rights Act of 1964. Plaintiff also alleged Defendant discriminated against her based on disability in violation of the Rehabilitation Act of 1973. Plaintiff filed an unopposed motion for leave to amend her complaint on October 30, 2017 (Filing No. 15), which was granted (Filing No. 16). Plaintiff's amended complaint was filed on October 31, 2017. (Filing No. 17.)

On November 14, 2017, Defendant filed a motion for partial summary judgment. (Filing No. 18). Defendant argued that all discrete discriminatory acts alleged in the amended complaint that occurred before August 2, 2014 should be dismissed as untimely. Defendant asserted that Plaintiff failed to exhaust her administrative remedies as to those claims. Plaintiff opposed the motion, asserting that the allegations of discrimination should not be considered discrete acts, but rather as continuing, ongoing violations. Thus, according to Plaintiff, the claims were not time-barred.

On December 18, 2017, this Court granted Defendant's motion, finding that Plaintiff's allegations amounted to discrete acts of discrimination (Filing No. 25) and that claims occurring before August 2, 2014 were untimely. In its order granting the motion, the Court noted that Plaintiff did not contest Defendant's assertion that Plaintiff was not asserting a harassment/hostile work environment claim. (Filing No. 25 at CM/ECF p. 7.)

Plaintiff filed the instant motion to amend on February 2, 2018, seeking to make the following changes to her amended complaint: (1) amend paragraph 27 to remove a comma and add "including subjecting her to a hostile work environment" and (2) amend paragraph 28 to remove a comma and add "including subjecting her to a hostile work environment." (Filing No. 30.) Essentially, Plaintiff seeks to add a hostile work environment claim. Defendant opposes the motion.[1]

**DISCUSSION**

Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Corr. Med. Servs*, 512 F.3d 488, 497 (8th Cir. 2008).

Defendant maintains that Plaintiff's most recent motion to amend should be denied because Plaintiff seeks to include a hostile work environment claim that has been known to Plaintiff since her administrative filings. Defendant points out that Plaintiff did not file suit based upon an alleged hostile work environment claim, and did not even mention such a claim until after the ruling on Defendant's motion for partial summary judgment. Defendant argues that Plaintiff's proposed hostile work environment claim is actually an improper attempt to

---

[1] Plaintiff did not file a reply to Defendant's brief in opposition to the motion to amend.

2

recover on the untimely discrete acts that were previously dismissed by the Court. Defendant further maintains that her proposed hostile work environment claim is futile, as it fails to allege facts sufficient to overcome a motion to dismiss.

Although leave to amend should ordinarily be freely granted, the Court finds that the motion to amend should be denied under the circumstances presented here. Plaintiff is seeking leave to amend in order to introduce a new theory of liability. However, the factual basis for Plaintiff's proposed hostile work environment claim has been known to Plaintiff since the administrative proceedings. Yet, Plaintiff waited until after this Court granted Defendant's motion for partial summary judgment to assert this theory of recovery, despite the fact that she had previously been given leave to file an amended complaint.

It is well-stablished that "[p]ost-dismissal motions to amend are disfavored." *Morrison Enterprises, LLC v. Dravo Corp.*, 638 F.3d 594, 610 (8th Cir. 2011). The Eighth Circuit Court of Appeals has determined that "[m]uch of the value of summary judgment . . . would be dissipated if a party were free to rely on one theory in an attempt to defeat summary judgment and then, should that theory prove unsound, come back . . . and fight on the basis of some other theory." *Id.* at 610 (quotation omitted). Plaintiff has offered no excuse for the delay in seeking to raise a hostile work environment claim or any legitimate justification for why amendment should be permitted at this point. Plaintiff did not even file a reply brief in support of her motion.

Additionally, this Court previously found that alleged discrete acts of discrimination that occurred before August 2, 2014 are untimely. It appears that Plaintiff, thorough her motion to amend, is attempting to circumvent this Court's ruling. Untimely discrete acts of discrimination have been considered for a hostile work environment claim. *See Tademe v. Saint Cloud State University*, 328 F.3d 982 (8th Cir. 2003). However, in this instance, Plaintiff's attempt to assert a hostile work environment claim is simply an effort to recover on time-barred discrete acts. In other words, Plaintiff is attempting to avoid statutory filing requirements by claiming that the untimely discrete acts give rise to a hostile work environment claim. *Royal v. Potter*, 416 F. Supp.2d 442, 452 (S.D. W. Va. 2006) ("[A] district court's duty . . . is to determine whether the plaintiff has provided evidence of an actionable hostile work environment which may include an

3

otherwise discrete act or has made a claim for hostile work environment when in actuality the plaintiff is attempting to recover on time barred discrete acts"). *See also* [Patterson v. Johnson, 391 F. Supp.2d 140, 146 (D. D.C. 2005)](#) ("[P]laintiff cannot cure his failure to timely exhaust his complaints about these incidents by sweeping them under the rubric of a hostile work environment claim"). Therefore, Plaintiff's motion to amend will be denied.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Leave to Amend Complaint ([Filing No. 30](#)) is denied.

2. The Clerk of Court is directed to strike Plaintiff's Second Amended Complaint ([Filing No. 31](#)), which was filed as a separate document at the time Plaintiff's Motion for Leave was filed.

3. The parties shall file their Rule 26(f) Report by May 29, 2018.

Dated this 8th day of May, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge